In re 18TH AVENUE DEVELOPMENT CORP., Debtor.

William D. SEIDLE, Trustee, Plaintiff,

v.

MODULAR PAVING, INC., et al., Defendants.

Bankruptcy No. 79–01230 BKC SMW. Adv. No. 81–0428–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

Sept. 25, 1981.

Martin L. Sandler, Miami, Fla., for William D. Seidle, Trustee.

Timothy J. Norris, Miami, Fla., for defendant, Chase Federal Savings & Loan Ass'n.

Robert Schatzman, Miami, Fla., for the debtor.

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon a Complaint filed herein to authorize the Trustee to sell certain property of the Debtor free and clear of liens and the Court having heard testimony and examining the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

1. William D. Seidle (hereafter "Trustee") is the authorized and acting Trustee of the Debtor.

2. The Trustee filed a Complaint naming as Defendants all lienholders of the Debtor's property, wherein he requested this Court's permission to sell a portion of the Debtor's property otherwise described as "All lots in OAK HAVEN SUBDIVISION SECTION ONE, according to the Plat thereof, located in Plat Book 103, at Page 20, of the Public Records of Dade County, Florida, except Lots 1 through 5. All of OAK HAVEN SUBDIVISION SECTION TWO, according to the Plat thereof, recorded in Plat Book 105, at Page 75, of the Public Records of Dade County, Florida, except Lots 12 and 13", free and clear of all liens and claims of interest.

3. A copy of the Complaint, together with summons and notice of trial has been served on each of the Defendants named in this cause. Due notice of the hearing held herein has been given to the Defendants.

4. The Trustee will be unable to convey marketable title to the above stated lots unless this Court permits the sale of said lots free of all claims, liens and interests.

5. The above stated lots constitute inventory of the Debtor and the sale of those lots is an activity within the normal and ordinary course of the Debtor's business.

6. The Trustee is insuring that the highest possible price will be paid for the above stated lots by employing the assistance of a local realtor who is marketing and generating interest in the property. This method of selling the property consisting of lots and single family homes erected thereon, will result in a higher sales price for each unit, than if they were sold in bulk or at a foreclosure.

7. The Trustee will insure that the interest of all lienors, claimers and parties in interest will be protected by transferring all liens, claims and interest in said lots to the proceeds generated by the sale of said lots.

8. Section 363(c) of the Bankruptcy Code (11 U.S.C. Section 363) provides that the Trustee may sell property of the Debtor's estate in the ordinary course of business, where the Debtor's business is operated by the Trustee. No notice is required.

9. Section 363(f) indicates that before the Trustee may sell property free and clear of liens under subsection (c) of Section 363, one of five conditions must be met. It is unreasonable to assume that the drafters of the Code would require that before any item of inventory could be sold by a Trustee in the ordinary normal course of the Debtor's business, it would be necessary that "the price at which such property is to be sold is greater than the aggregate value of the [interest attached thereto]". (11 U.S.C. § 363(f)(3). Notwithstanding the question of price, it is clear that each and every Defendant herein "could be compelled, in a

legal or equitable proceeding, to accept the money satisfaction of their interest." (11 U.S.C. § 363(f)(5). By marketing the Debtor's property in an orderly fashion at the highest possible price, the Trustee is insuring that the interest of the above styled Defendants to the extent there is value of said interest, will be adequately protected. Their claims, liens and interests will attach to the proceeds of the sale.

10. I therefore conclude that the Trustee is entitled to an Order that will permit him to sell the lots in Sections 1 and 2 of Oak Park free and clear of liens, claims and interests and transfer said liens, claims and interests to the proceeds generated from the sale of said property.